FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2015 MAY 11 AM 10: 20

IN ADMIRALTY

IN THE MATTER OF: CASE NO.: 8:15 CV 1136 T 33 TGW

THE COMPLAINT OF ORION MARINE CONSTRUCTION, INC. AS OWNER OF BARGES *M-1801*, *M-1802*, *M-1701* AND *M-1402*, THEIR ENGINES, TACKLE, APPURTENANCES, EQUIPMENT, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,

Petitioner.
_______________________________/

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioner, ORION MARINE CONSTRUCTION, INC., as owner of Barges *M-1801*, *M-1802*, *M-1701* AND *M-1402* (the "Barges"), pursuant to Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and Local Admiralty Rule 7.06, for its Complaint for Exoneration From or Limitation of Liability, alleges as follows:

## JURISDICTION, PARTIES AND VENUE

1. This Complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, the Supplemental Rules for Admiralty or Maritime Claims, and the Local Admiralty Rules of the United States District Court for the Middle District of Florida.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et seq.*

3. At all times pertinent to this Complaint, the barges named *M-1801*, *M-1802*, *M-1701* AND *M-1402* were owned by Petitioner, ORION MARINE CONSTRUCTION, INC. ("Owner").

TPA-30072 $400

4. This Complaint is filed within six (6) months of Owner first receiving written notice of possible claims against Owner arising out of the subject incident and subject to exoneration from or limitation of liability.

5. Venue is proper pursuant to Supplemental Rule F(9) because the Barges are either currently within this Court's jurisdiction or are not within any Court's jurisdiction and no suit has been commenced in any district.

## OPERATIVE FACTS

6. Barge *M-1801* is a 180-foot spud barge bearing official number 600863.

7. Barge *M-1802* is a 180-foot barge bearing official number 1104493.

8. Barge *M-1701* is a 170-foot spud barge bearing official number 617810.

9. Barge *M-1402* is a 140-foot spud barge bearing official number 638787.

10. The subject incident involving the Barges occurred on the navigable waters of the United States near St. Petersburg Beach and Isla Del Sol, Pinellas County, Florida.

11. At all times pertinent to this Complaint, the Barges were seaworthy, properly and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the commercial use for which they were engaged.

12. The Owner contracted with the Florida Department of Transportation to construct a new bridge to span between St. Petersburg Beach and Isla Del Sol in Pinellas County, Florida (altogether, the "Project"). This new bridge is called the Pinellas Bayway Bridge, but is also known as 35th Avenue and 54th Avenue South (the "Bridge").

13. Between approximately February 2012 and April 2014, the Barges were used to conduct activities associated with the Project and the Bridge's construction, including, but not limited to, pile driving.

14. At all material times, the Barges were engaged in commercial marine construction and were located on the navigable waterways of the United States.

15. Residents of St. Petersburg Beach and Isla Del Sol complained of vibrations and damages allegedly resulting from and associated with the Bridge's construction, most specifically stemming from pile driving (altogether, the "Incidents").

16. The Incidents and any ensuing property loss, damages and/or personal injury were not caused by the fault of the Barges, their Owner, or any person whose actions are the responsibility of Owner. Neither Owner nor the Barges are liable to any extent, and the Owner is entitled to exoneration from liability from all losses, damages, injury and death, occasioned and incurred by or as a result of the Incidents.

17. Alternatively, and without admitting liability, Owner alleges that in the event it or any of the Barges should be held responsible to any parties by reason of the matters set forth above, Owner claims the benefit of the limitation of liability provided in 46 U.S.C. § 30501, *et seq*.

18. At the termination of the voyage, the value of each of the Barges, which was and is the value of the Owner's interest in each Barge, was as follows:

a. Barge *M-1801*: $654,626.00

b. Barge *M-1802*: $331,129.00

c. Barge *M-1701*: $272,462.00

d. Barge *M-1402*: $0.00 - value is fully depreciated.

*See* **Exhibit "A,"** Declaration of Value ¶ 5. Therefore, the Owner's total interest in the Barges is $1,258,217.00.

19. Owner knows of forty (40) claims arising from the Incidents that have been raised either by individual homeowners, through public adjuster Jason Juday, or homeowners' counsel.

20. Owner alleges the amount of damages and claims already brought, together with all other possible claims against Owner and the Barges, potentially exceeds the amount of Owner's interest in the Barges at all times pertinent to this Complaint.

21. Owner files contemporaneously herewith an *Ad Interim* Stipulation for Costs and Value in the appropriate form for the payment into court of the amount of Owner's interest in the Barges, together with interest at the rate of 6% per annum from the date of said stipulation, and for costs; and, in addition thereto, Owner is prepared to give bond or stipulation for any amount in excess of the *Ad Interim* Stipulation for Costs and Value as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure. *See Ad Interim* Stipulation for Costs and Value attached as **Exhibit "B."**

WHEREFORE, Owner respectfully requests:

A. Upon filing of the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which Owner seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Owner's attorneys a copy thereof on or before the date specified in the notice;

B. Upon the filing of the *Ad Interim* Stipulation for Costs and Value herein described, the Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against Owner, its underwriters, or any of its property with respect to any claim for which Owner seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Incidents described in this Complaint;

C. If any claimant who shall have filed a claim shall also file an exception contesting the value of the Barges or their pending freight, if any, as alleged herein and the amount of the *Ad Interim* Stipulation for Costs and Value as aforesaid, this Court shall cause due appraisement to be had of the values of the Barges following the casualty and of the values of Owner's interest therein and pending freight, if any, and in which event this Court shall enter an Order for the filing of an amended stipulation for the aggregate values, as so determined, of Owner's interest in the Barges and their pending freight, if any;

D. This Court adjudges Owner and the Barges are not liable to any extent whatsoever for any losses, damages, injuries or destruction or for any claim whatsoever done, occasioned, or incurred as the result of the matters and happenings referred to in this Complaint; or, in the alternative, if the Court should adjudge that Owner is liable in any amount whatsoever, that said liability may be limited to the value of Owner's interest in the Barges, and may be derived pro rata among such claimants; and that a judgment be entered discharging Owner and the Barges of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Owner or its property in consequence of or connected with the matters and happenings referred to in this Complaint; and,

E. This Court grant Owner such other and further relief that justice may require.

Dated May 11, 2015.

Respectfully submitted,

**ROBERT B. BIRTHISEL**
Florida Bar Number: 906654
**JULES V. MASSEE**
Florida Bar No.: 041554
jmassee@hamiltonmillerlaw.com
**MICHAEL J. BRADFORD**
Florida Bar No.: 184314
mbradford@hamiltonmillerlaw.com
**CHRISTOPHER F. HAMILTON**
Florida Bar No.: 98527
chamilton@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
Tel: 813-223-1900
Fax: 813-223-1933
*Attorneys and Trial Counsel for Petitioner*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN ADMIRALTY**

**IN THE MATTER OF:** **CASE NO.:**

**THE COMPLAINT OF ORION MARINE CONSTRUCTION, INC. AS OWNER OF BARGES *M-1801*, *M-1802*, *M-1701* AND *M-1402*, THEIR ENGINES, TACKLE, APPURTENANCES, EQUIPMENT, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,**

**Petitioner.**
_______________________________/

## DECLARATION OF VALUE

Pursuant to 28 U.S.C. § 1746, the undersigned, Cody Walraven, declares and states under penalty of perjury as follows:

1. My name is Cody Walraven. I am over eighteen (18) years of age. I have personal knowledge of the facts set forth in this Declaration and they are true and correct to the best of my knowledge.

2. I am a Senior Equipment Analyst at Orion Marine Group, Inc.

3. In my position at Orion Marine Group, Inc., I am familiar with the values and ownership entity, Orion Marine Construction, Inc., of the Barges listed below.

4. At all times material, Orion Marine Construction, Inc. was the owner of Barges *M-1801*, *M-1802*, *M-1701* AND *M-1403* (the "Vessels").

5. The Barges' post-voyage book values are as follows:

   a. Barge *M-1801*: $654,626.00

   b. Barge *M-1802*: $331,129.00

   c. Barge *M-1701*: $272,462.00



EXHIBIT
A

d. Barge *M-1402*: $0.00 – value is fully depreciated.

FURTHER DECLARANT SAYETH NOT.

Executed this 8th day of May 2015.

CODY WALRAVEN
*Senior Equipment Analyst*
Orion Marine Group, Inc.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN ADMIRALTY**

**IN THE MATTER OF:** **CASE NO.:**

**THE COMPLAINT OF ORION MARINE CONSTRUCTION, INC. AS OWNER OF BARGES *M-1801, M-1802, M-1701* AND *M-1402,* THEIR ENGINES, TACKLE, APPURTENANCES, EQUIPMENT, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,**

**Petitioner.**
_______________________________/

## ***AD INTERIM* STIPULATION FOR COSTS AND VALUE**

WHEREAS Petitioner, ORION MARINE CONSTRUCTION, INC., as owner of Barges *M-1801*, *M-1802*, *M-1701* AND *M-1402* (the "Barges"), at all times material, has filed a Complaint in this Court seeking exoneration from or limitation of liability, pursuant to the provisions of 46 U.S.C. § 30501, *et seq.*, and all statutes amendatory thereof and supplementary thereto, for the reasons set forth in the Complaint; and

WHEREAS, the Barges' owner wishes to provide an *Ad Interim* Stipulation for Costs and Value as security for any claims, pending the determination of its interest in the Barges and their pending freight, if any, at the termination of the voyage described in the Complaint; and

WHEREAS, a Declaration of Value has been filed indicating the reasonable value of the Barges at the termination of the voyage described in the Complaint, and their pending freight, if any, is $1,258,217.00 or less. *See* **Exhibit "A" to Complaint.**

THEREFORE, IN CONSIDERATION OF THE PREMISES,

EXHIBIT
B

1. The Barges' owner undertakes to pay into this Court's registry the sum of up to and not exceeding $1,258,217.00, together with costs and interest at 6% per annum from the date of this *Ad Interim* Stipulation.

2. Upon this Court's approval and pending any payment into the Court's registry, this *Ad Interim* Stipulation for Costs and Value shall stand as security for costs and all claims in the limitation proceeding petitioned by the Barges' owner. If any amount or form of this *Ad Interim* Stipulation for Costs and Value are not contested by any claimant in said limitation proceeding, said surety agrees that the *Ad Interim* Stipulation for Costs and Value may stand as and in place of a Stipulation of Value.

3. If so required by this Court, the Barges' owner shall, within ten (10) days after entry of an order confirming the values of the its interest in the Barges and their pending freight, if any, as ascertained by an appointed commissioner, pay into the Court's registry the sum of up to and not exceeding $1,258,217.00, plus interest and costs as aforesaid, or in the alternative, file a bond, Stipulation of Value or other approved security in such amount.

4. The Barges' owner agrees to abide by all orders of the District Court, Interlocutory and Final, and to pay, in accordance with and subject to terms and conditions of its insurance policy, the amount awarded by the final judgment of this District Court, or by an appellate court if an appeal intervenes, the sum of up to and not exceeding $1,258,217.00, with interest and costs as aforesaid, unless the amount or values of its interest in the Barges is paid into the Court's registry by the Barges' owner or if a Stipulation of Value is filed, in which event this *Ad Interim* Stipulation for Costs and Value shall be void as to its interest in the Barges.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Dated May 11, 2015.

Respectfully submitted,

**ROBERT B. BIRTHISEL**
Florida Bar Number: 906654
**JULES V. MASSEE**
Florida Bar No.: 041554
jmassee@hamiltonmillerlaw.com
**MICHAEL J. BRADFORD**
Florida Bar No.: 184314
mbradford@hamiltonmillerlaw.com
**CHRISTOPHER F. HAMILTON**
Florida Bar No.: 98527
chamilton@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
Tel: 813-223-1900
Fax: 813-223-1933
*Attorneys and Trial Counsel for Petitioner*